Alyin Hawkins, J.,
delivered the opinion of the Court.
Bill filed 23d May, 1865. Complainant alleges that *557 defendant is indebted to him in the sum of $4,400, as evidenced by his four notes, dated June 2, 1860, and due as follows: One for $1,000, due 25th December, 1860; one due 25th December, 1861, for $1,200; one due 25th December, 1862, for $1,200; one due 25th December, 1863, for $1,200. All payable to Robert Wade, and indorsed by him, and bearing interest from date.
Complainant charges that defendant is the owner of a certain lot of ground situate in Shelby county, Tennessee, the boundaries of which are set out in the bill.
Complainant also charges that defendant is a nonresident of the State of Tennessee.
The prayer of the bill is, that the land be attached; that "publication be made as required by law; that the land be sold; and for general relief.
An aitachmtnt was issued on the 5th of May, 1865, returnable on the second Monday in November, 1865, and was levied on the land described in the bill, on the 3d of June, 1865.
An order, pro confesso, was made in the cause, but at what date does not appear, reciting: “It appearing to the Court that the defendant, Robert Wade, is a nonresident of the State of Tennessee, and that publication has been duly made, requiring said defendant to appear and plead, answer or demur to complainant’s bill herein, before or within the first three days of the present term of this Court; and it further appearing that he has wholly failed so to do, it is therefore ordered, adjudged and decreed by the Court, that complainant’s bill, with *558 all the allegations therein, be, and the same is, taken for confessed, and set for hearing, ex parte, as to him.”
On the 25th of November, 1865, the cause was referred to the Clerk and Master, to ascertain the indebtedness of the defendant to complainant.
The -notes mentioned in complainant’s bill were filed on the 2d of December, 1865, and the Master reported the indebtedness at ¡$5,852.
On the 6th of December, 1865, the cause was further heard upon the report of the Master, which was confirmed, and a decree pronounced for complainant, for the amount of the indebtedness and costs, and directing that in case said indebtedness should not be paid before or within the first three days of the next regular term of said Court, the Master, after advertising, etc., should sell the land on seven and twelve months’ time, retaining a lien, etc.
This decree was not executed, and on the 11th of March, 1867, the same was renewed; and upon motion of complainant, it was ordered that the sale be without the equity of redemption, etc.
The defendant has removed the cause into this Court by writ of error, and assigns several grounds of error.
1st. The record does not show that publication was made as required by law, requiring the defendant to appear.
The order of publication is not set out in this record, except as it appears in what purports to be a copy of the notice, as published in the Memphis Argus, which, according to the certificate of one Grehan, which is sworn *559 to, was published once a week, for four successive weeks, in the Memphis Argus, previous to November 13, 1865. It appears from this notice, which purports to be a copy of the order of publication, that the defendant was required to make his appearance within the first three days of the next term of said Court, to commence the second Monday in November, 1865.
It is now argued that it does not appear that Grehan, who proved the .publication of the notice, was a printer, or connected with any newspaper; nor does the paper, to which is appended the affidavit, show that the Memphis Argus is a newspaper, nor that it was published after -the order of publication was made; nor does -the order of publication show the Memphis Argus is a newspaper; nor does the certificate of the Clerk show that the .paper signed by Grehan was sworn to by him. These objections are all highly technical, and without substantial merit.
We have been referred to section 4359 of the Code, which simply provides that the fact of publication in pursuance of the order, may be proven by affidavit of the printer, or actual production of the newspaper in court.
The statute requires the Clerk shall cause a copy of the order to be published in the newspaper designated in the order, or designated by the general rules of the Court; and we must presume, in the absence of proof to the contrary, that the Memphis Argus' was a “newspaper,” within the meaning of the statute, and it must also be presumed that the publication Was subsequent to and in pursuance of the order. Every presumption, at least in civil proceedings, is in favor of the regularity of such *560 proceedings. Whilst the section of the Code before referred to provides the fact of publication, may be proved in a certain manner, it by no means restricts, but, in fact, enlarges, the means of establishing the fact of publication; and that fact may be established by any other competent evidence. Besides, this Court has frequently holden, that where it is recited in the decree of the Court below, that notice has been duly given by publication, etc., this Court will presume the fact is as recited in the decree. Presumptions of this character are necessary to uphold the proceedings of the judicial tribunals of the country; and there is nothing in this record to contradict the recital in the decree that publication had been duly made.
The next objection is, that the record does not show that any decree pro confesso was filed in the cause. We are unable to see the force of this objection. It appears from the record, that a full and formal decree pro con-fesso was regularly entered in the cause; and the record further shows that the cause was heard upon the bill, and order pro confesso taken herein. There is nothing' in this objection.
The next objection is, that there was no proof of the execution of the notes. None was necessary. The bill alleges the indebtedness of defendant to _ complainant by notes, and describes the notes with great particularity. The bill was taken for confessed, and thereby all its allegations admitted to be true. Besides, to render proof of the execution of the notes necessary, their execution must have been denied under oath, which was not done in this case. We are unable to perceive that the practice should *561 be different, in case of a pro confesso based upon due publication, from that in case it. is based upon personal service. The levy of the attachment and publication is in lieu of personal service. There is nothing in this objection. Code, § 3526, provides that if the defendant fail to appear, the plaintiff may take judgment in the same manner as if there had been personal service.
There is nothing in this objection. Code, section 3526, provides that if defendant fail to appear, the plaintiff may take judgment in the same manner as if there had been personal service.
The next objection is, that the order of publication required the defendant to appear at the November Term, 1865, of said Court, within the three first days of the term, commencing on the second Monday in November, 1865; and the decree was pronounced on the 6th of December following; and we are asked if this was error.
It would doubtless have been erroneous to have taken a decree before the party was required to make his appearance; but we are unable to see any error in taking a decree after he had made default. There is nothing in this.
We are asked, when does a cause stand for hearing, in view of the provisions of our statutes allowing each party four months to take proof in ■ chief, and two months for rebutting proof?
We answer: Those statutes have no application to a case like the present; and in case an order pro oonfesso is taken — the bill taken for confessed, because of the default of the defendant — the cause stands for hearing immediately thereafter.
*562 The next objection is, that no stay of judgment was allowed, as required by sec. 25, chap.'l, of the Act of 1794, and by sec. 3528, of the Code.
Section 3527 of the Code, under the heading of “Mode of Proceeding in Attachment Cases/’ provides: “When the defendant does not appear, the Court may and a Justice shall, stay final judgment or decree not exceeding twelve nor less than six months from the time of the return.”
Section 3528 provides: “When the attachment is sued out because the defendant is a non-resident, the stay shall be allowed, unless sufficient cause appear to the contrary.”
The provisions of those sections have been literally complied with in this case.
The attachment was returned, duly executed, to the November Term, 1865, of the Chancery Court, holden on the second Monday in November, 1865.
The decree was entered December 6, 1865, at the same term, and upon its face provided, that unless the defendant, before or during the first three days of the next regular term of the Court, paid the amount of complainant’s recovery, the Clerk should, after advertising twenty days, sell the land attached, etc.
This was staying the execution of the final decree more than six months from the time of the return.
Besides, this decree was not executed; and on the 11th of March, 1867, the order of sale was, upon motion of complainant, renewed and modified.
The decree of the Chancellor is affirmed.